UNITED STATES, Appellee,

v.

Thomas C. LONG, Specialist Four, U. S. Army, Appellant.

No. 33,027.
SPCM 11734.

U. S. Court of Military Appeals.

Oct. 3, 1977.

Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Captain Michael P. La Haye, and Captain Lawrence E. Wzorek were on the pleadings for Appellant, Accused.

Colonel Thomas H. Davis, Major John T. Sherwood, Jr., and Captain Gary F. Thorne were on the pleadings for Appellee, United States.

Opinion of the Court

PER CURIAM:

The appellant was tried and convicted, by a special court-martial military judge sitting alone, after having entered a plea of not guilty to the charge of possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The only issue litigated at trial was the legality of the search of the appellant's car on May 27, 1975, which led to the seizure of the marijuana by agents of the Criminal Investigation Division (CID). After listening to the various witnesses for the prosecution and the appellant and considering arguments of counsel, the military judge denied the defense request for suppression of the marihuana which had been confiscated from the appellant's car. Thereafter, the only other evidence adduced at trial was the following stipulation:

In the Special Court-Martial empowered to adjudge a Bad Conduct Discharge of Specialist Four (E4) Thomas C. Long, it is hereby stipulated between the prosecution and the defense, with the express consent of the accused, the following facts:

That the clear plastic bag seized on 27 May 1975 from the floor beside the front seat of an automobile belonging to Specialist Four Thomas C. Long by Military Police Investigator Robert W. Braman contained approximately 13.42 grams of marihuana.

That the thirteen clear plastic bags seized on 27 May 1975 from the trunk of an automobile belonging to Specialist Four Thomas C. Long by CID Agent Michael Miller contained approximately 216.32 grams of marihuana.

That the four clear plastic bags seized on 27 May 1975 from a tackle box located inside the trunk of an automobile belonging to Specialist Four Thomas C. Long by CID Agent Michael Miller contained approximately 65.92 grams of marihuana.

On this appeal, no question is presented as to the legal sufficiency of the evidence. The single question before us is whether the above stipulation "practically amounts to a confession" and therefore is rendered inadmissible as evidence by paragraph 154b (1), Manual for Courts-Martial, United States, 1969 (Revised edition).

We have determined in *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977), that "a stipulation can be said to amount 'practically' to a judicial confession," as comprehended by Paragraph 154b (1) of the Manual, "when, for all facts and purpose, it constitutes a *de facto* plea of guilty, . . ." because the accused has stipulated to *every* criminal element charged. *Id.* at 315 n.2. In the instant case, the appellant did not stipulate to the wrongful possession of marihuana. All that was stipulated was that the substance seized from the appellant's car was, in fact, marihuana. The quantity of the marihuana seized was also stated in the stipulation. The stipulation neither admitted the fact of the appellant's possession nor the wrongfulness thereof. Indeed, the most vigorously litigated issue at trial was the matter of possession, in view of the defense contention that since the appellant had not placed the marihuana in his car, any possession on his part was negated.

We hold, therefore, that the repugned stipulation did not practically amount to a confession and thus the protection of paragraph 154b (1) is not brought into operation. Such a disposition obviates the need for judgments as to the presence or absence of a valid waiver or compliance with Article 45(a), UCMJ, 10 U.S.C. § 845(a). *See United States v. Bertelson, supra.*

For the reasons set forth above, the decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs in the result.