UNITED STATES, Appellee,

v.

Dale R. AIELLO, Specialist Four, U. S. Army, Appellant.

No. 35,095.

CM 435687.

U. S. Court of Military Appeals.

June 18, 1979.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain John Richards Lee, Captain Larry C. Schafer, Captain Buren R. Shields, III* (on brief); *Captain Demmon F. Canner.*

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Douglas P. Franklin* (on brief); *Major Steven M. Werner.*

Opinion of the Court

PER CURIAM:

The appellant was convicted by a general court-martial consisting of a military judge alone of possession of heroin and marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for 9 months, total forfeitures and reduction to the lowest enlisted grade. Pursuant to the military judge's recommendation, the convening authority

suspended execution of the punitive discharge. The United States Army Court of Military Review affirmed the findings but reassessed the sentence on the basis of this court's decision in *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977), reducing the confinement portion of the sentence to 2 months. We granted review to consider the appellant's contentions: (1) that the military commander who authorized the search which led to the discovery and seizure of the evidence utilized at the trial was not a neutral and detached magistrate within the purview of the Fourth Amendment; and (2) that the military judge erred by accepting a stipulation which, for all practical purposes, constituted a confession of guilt, in violation of paragraph 154*b*(1) of the Manual for Courts-Martial, United States, 1969 (Revised edition).

■ We vacate the first issue as improvidently granted since the search of the appellant's person was incident to his arrest for a drug offense.

■ Next the appellant argues that the military judge accepted as evidence a confessional stipulation[1] without making the inquiry imposed on him by our decision in *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977). In *Bertelson*, we required that before a military judge can accept as evidence "a stipulation [that] can be said to amount 'practically' to a judicial confession,"[2] as comprehended by paragraph 154*b*(1), Manual for Courts-Martial, United States, 1969 (Revised edition), he must personally apprise the accused that under the aforesaid Manual provision the stipulation may not be accepted as evidence without his consent; that he must inform the accused that the Government has the burden of proving beyond a reasonable doubt every element of the offense(s) charged and that by stipulating to the material elements of the offense(s), the accused alleviates that burden. Finally, the military judge is also

required to conduct an inquiry similar to the one required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). A failure of the military judge to conduct these inquires constitutes error.

■ The Government concedes that the stipulation consented to by the appellant "made out a prima facie case for the Government," therefore constituting a confessional stipulation. Brief of the Government, p. 4. After the military judge heard testimony and denied the defense motion on the appellant's contention that probable cause was lacking for the search of his person, the appellant's counsel suggested that the Government could simply introduce the laboratory report and "we'll stipulate that the drugs were found and the amount. Don't even both with the rest." Thereafter, the prosecuting attorney tendered the following oral stipulation as total proof of his case:

> We would offer then by stipulation, Your Honor, that Prosecution Exhibit 4 for ID is a laboratory report showing the analysis of two items that were taken from Specialist Aiello on September the 18th, showing approximately .18 grams of heroin and approximately 59 grams of marihuana.

The military judge then asked the appellant whether he concurred in the stipulation, and the appellant responded in the affirmative. The judge accepted the stipulation as proof of all charges. No other evidence on guilt or innocence was adduced by either party. *Cf. United States v. Long*, 3 M.J. 400 (C.M.A.1977).

The Government argues that the *Bertelson* rule should not be made applicable since this case was tried prior to the date of our decision in *United States v. Bertelson, supra*. However, even under *United States v. Wilson*, 20 U.S.C.M.A. 71, 42 C.M.R. 263 (1970), which was decided prior to the trial

---

1. As stated by the Court in *United States v. Bertelson*, 3 M.J. 314, 315 n. 2 (C.M.A.1977):

   [A] "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to

amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, *i. e.*, it is the equivalent of entering a guilty plea to the charge.

2. 3 M.J. 314, 315 n. 2 (C.M.A.1977).

of this case, the instant stipulation could not be admitted as evidence. Under the *Wilson* decision, a stipulation similar to the one entered here and which amounted to a *prima facie* confession was held inadmissible as evidence under paragraph 154*b*(1) of the Manual, *supra*. Therefore, the stipulation should have been excluded as evidence. Clearly, under *Wilson*, its admission constituted error.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

COOK, Judge (dissenting):

Appellant challenged the admissibility of the evidence in question on the ground there was no probable cause established for a search which was authorized by his commanding officer. The legality of the search was upheld by the military judge on the basis that probable cause had been established. Trial counsel did not submit that the search was incident to an apprehension. Thus, as the parties at trial limited the issue to the question of whether a search was properly authorized rather than the legality of an apprehension, I would not vacate the issue.

Appellant did not challenge the neutrality of the authorizing officer at trial, and he now only asserts that commanding officers are, *per se*, disqualified. That issue was decided against the appellant in *United States v. Ezell*, 6 M.J. 307 (C.M.A.1979).

As to the remaining issue, the record reflects that appellant entered a plea of not guilty for the purpose of preserving his objection to the search and seizure. I discern no necessity for inquiry into the "providency" of the stipulation. *See* my dissenting opinion in *United States v. Bertelson*, 3 M.J. 314, 317 (C.M.A.1977). Accordingly, I would affirm the decision of the United States Army Court of Military Review.