**UNITED STATES**

v.

**Airman Basic John W. KRAMPF, Jr., FR 489–64–5991, United States Air Force.**

**ACM 22582.**

U. S. Air Force Court of Military Review.

18 April 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Patrick A. Tucker. Captain Kenneth L. Buettner filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Captain William B. Smith.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Judge:

In a general court-martial consisting of a military judge alone, the accused was found guilty, in accordance with his pleas, of absence without leave, wrongful possession of another's identification card, wrongful possession with intent to deceive of a false identification card and resisting apprehension, offenses in violation of Articles 86, 134 and 95, respectively, Uniform Code of Military Justice, 10 U.S.C.A. §§ 886, 934, 895. Contrary to his pleas, he was found guilty of two offenses of breaking restriction, also violations of Article 134, Code, *supra*. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for 27 months and forfeiture of $250.00 per month for 27 months.

Appellate defense counsel assign six errors, two of which we discuss in this decision. The remaining are either mooted by our resolution of the two or are resolved adversely to the accused. We hold that in view of the accused's not guilty pleas to the offenses of breaking restriction, a "confessional stipulation" was improperly received into evidence. We dismiss the affected specifications and charge and reassess the sentence. We also set aside that portion of the convening authority's action which incorrectly applies partial forfeitures to allowances.

■ Initially, counsel for the defense correctly assert that the convening authority in his action erroneously purported to apply the partial forfeitures adjudged to the accused's pay and allowances. Appropriately, Government counsel do not contest this error. Allowances are not subject to forfeiture unless the approved sentence includes forfeiture of all pay and allowances. Manual for Courts-Martial, 1969 (Rev.), paragraph 126*h* (2). This error requires corrective action. *United States v. Terrell*, 4 M.J. 720, 723 (A.F.C.M.R.1977); *United States v. Carter*, 49 C.M.R. 636, 638 (A.F.C.M.R.1974); *United States v. Culver*, 44 C.M.R. 564, 567 (A.F.C.M.R.1971).

The remaining assigned error we discuss concerns the admission of that portion of Prosecution Exhibit 7, a stipulation of fact, which was relevant to the offenses of breaking restriction (Specifications 1 and 2

of Charge I) to which the accused pleaded not guilty.

Upon arraignment, the trial defense counsel moved to dismiss this charge and its two specifications for reason that the restriction which was the basis for both offenses was illegal. He immediately invited the military judge's attention to a previously furnished defense brief.[1] He suggested that the stipulation of fact be admitted at that time and considered as the factual basis for decision on the motion. The trial counsel voiced no objection to that procedure. The military judge then ascertained that the accused had read the exhibit, advised him that he was not required to consent to it and that without his consent, such facts would be subject to proof by other legal and competent evidence, and evoked the accused's agreement to the stipulation on the record. The stipulation was then admitted into evidence.

The stipulation established that on 25 April 1979, by letter, the receipt of which the accused acknowledged, the accused's squadron commander restricted him to the fenced limits of Clark Air Base, Republic of Philippines; on 30 April 1979, the accused was offered and accepted non-judicial punishment pursuant to Article 15, Code, *supra*, for an alleged breaking of restriction, the punishment for which was 60 days restriction to the fenced limits of Clark Air Base; and on 22 and 25 June 1979, the accused was observed exiting the base. Based upon these facts, the counsel questioned the legality of the restriction.[2] After the military judge denied the motion to dismiss, the defense having no other motions, the accused entered his pleas which included ones of not guilty to the two breaking restriction offenses.[3]

Following the military judge's announcement of the findings in accordance with the accused's pleas of guilty, neither the trial counsel nor defense counsel made an opening statement and both indicated that they had no further evidence to present and rested. Although the trial counsel argued that Prosecution Exhibit 7 established the accused's guilt of the breaking restriction offenses, the defense counsel said nothing about them in his findings argument.

Appellate defense counsel claim that the military judge erred in accepting those stipulated facts in Prosecution Exhibit 7, which relate to the restriction offenses to which the accused pleaded not guilty, without conducting a further and expanded explanation to the accused. We agree.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 154b(1) provides: "If an accused has pleaded not guilty and the plea still stands, a stipulation which practically amounts to a confession should not be received in evidence." In *United States v. Bertelson*, 3 M.J. 314, 315 (C.M.A.1977), footnote 2, the Court of Military Appeals explained the Manual provision:

> As used hereinafter, a "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, i. e., it is the equivalent of entering a guilty plea to the charge.

---

1. As a written statement of and in support of his motion, the defense counsel referred to a defense brief and the trial counsel's rebuttal brief. Inexplicably, neither of these documents were marked for identification nor made an exhibit to the record of trial proceedings. We assume, as did the staff judge advocate to the convening authority in his review, that the documents which appear as allied papers in the record and are attached to the accused's Request for Appellate Defense Counsel (AF Form 304), are the same Defense Trial Brief and Reply Brief considered by the military judge and counsel at trial.

2. The defense counsel further indicated that since the case was being heard before the military judge alone, the motion could be treated as a motion for a finding of not guilty as well. However, the ruling of the military judge clearly indicated that the motion was considered as one testing the legality of the restriction.

3. Although the propriety of the stipulation of fact, Prosecution Exhibit 7, was questioned later in connection with the accused's pleas to other specifications, few specifics were stated about the restriction offenses and the defense counsel acknowledged that the stipulated facts were uncontested and true.

However, specifically rejecting the contention that such a stipulation could never be admitted, and recognizing that ordinarily it would be excluded, citing *United States v. Wilson*, 20 U.S.C.M.A. 71, 42 C.M.R. 263 (1970); the Court, following the decision in *United States v. Rempe*, 49 C.M.R. 367 (A.F.C.M.R.1974), held that the military judge may admit such a stipulation provided the accused has first knowingly, intelligently and voluntarily consented to its admission. *Bertelson, supra*, at 315.

The court indicated various requirements placed on the military judge in admitting "confessional stipulations." These requirements are best summarized in *United States v. Aiello*, 7 M.J. 99, 100 (C.M.A.1979), wherein the Court stated:

> [The military judge] must personally apprise the accused that under the aforesaid Manual provision [paragraph 154*b*(1), Manual for Courts-Martial, 1969 (Rev.)] the stipulation may not be accepted as evidence without his consent; that he must inform the accused that the Government has the burden of proving beyond a reasonable doubt every element of the offense(s) charged and that by stipulating to the material elements of the offense(s), the accused alleviates that burden. Finally, the military judge is also required to conduct an inquiry similar to the one required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). A failure of the military judge to conduct these inquiries constitutes error.

Appellate Government counsel contend that the *Bertelson* rule does not apply in the case before us, because the stipulation does not admit every element of the offenses. They claim that the fact that counsel actually litigated the legality of the restriction or the issue of being "duly restricted," removes this case from the requirements of *Bertelson* and renders the stipulation admissible without further inquiries, citing *United States v. Long*, 3 M.J. 400 (C.M.A.1977). In *Long, supra*, the accused was convicted, contrary to his pleas, of possession of marijuana in violation of Article 134, Code, *supra*. He stipulated that the marijuana in question was seized from his automobile. The Court held that this stipulation was not confessional in nature because it neither admitted the fact of the accused's possession nor the wrongfulness of it. The presence of these unadmitted or contested elements in *Long* distinguish it from the case before us.

In this case, when the stipulation was first offered and considered, the matter before the military judge for determination was a motion to dismiss based upon the alleged illegality of the restriction. This presented an interlocutory question of law for the military judge and his ruling thereon, in the absence of any factual conflict, was final. *United States v. Carson*, 15 U.S.C.M.A. 407, 35 C.M.R. 379 (1965); Manual for Courts-Martial, 1969 (Rev.), paragraph 56*b*. When the military judge denied the motion for the reason stated, the question of law, *i. e.*, the legality of the restriction or the issue of whether the accused was "duly restricted" on the same agreed facts, was resolved and no longer in contest. Thereafter, when the accused entered his pleas of not guilty, the stipulation constituted "a *de facto* plea of guilty" or "an acknowledgment of guilt," which, to be considered as evidence, compelled the military judge to satisfy the *Bertelson* requirements. His failure to do so was error.[4]

Our rejection of the relevant stipulated facts leaves no evidence before us to support the findings of guilty of Charge I and its specifications. In the interest of justice, these findings of guilty are set aside and this Charge is dismissed. The remaining findings of guilty are correct in law and fact.

---

4. We are not critical of the military judge in his initial acceptance of the stipulation and his consideration of it in ruling on the motion to dismiss. We are also mindful of the economy of having all agreed facts appear in one exhibit. However, to avoid problems similar to what occurred in this case, the expanded inquiry should be conducted in all cases whenever confessional-type stipulations are offered. In the alternative, separate documents may be required when differing purposes are to be served.

So much of the convening authority's action as applies partial forfeitures to allowances is set aside. Having reassessed the sentence, we find only so much thereof appropriate as provides for a bad conduct discharge, confinement at hard labor for 24 months and forfeiture of $250.00 per month for 24 months.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

EARLY, C. J., and MAHONEY, J., concur.