**UNITED STATES**

v.

**Sergeant Dennis M. CORRIGAN, FR 104–50–7372 United States Air Force.**

**ACM 22767.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 March 1980.

Decided 22 Jan. 1981.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

In accordance with his pleas, the accused was convicted by a general court-martial, consisting of a military judge sitting alone, of five marijuana offenses involving wrongful transfer, possession and introduction into a military base for the purpose of transfer, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

In spite of his plea, he was also convicted of another wrongful transfer offense. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of all pay and allowances, and reduction to airman basic.

We uphold the exercise of court-martial jurisdiction over a wrongful transfer offense which occurred off the military base. We find that the military judge erred in admitting a confessional stipulation and set aside the affected finding.

 Appellate defense counsel first contest the exercise of jurisdiction over an offense of wrongful transfer of marijuana which occurred off base in Pierce County, Washington. However, the evidence adequately supports the military judge's jurisdictional findings of fact and conclusions of law. *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980).

The defense next claims that the military judge erred in accepting a confessional stipulation pertaining to the contested offense without conducting the required explanation with the accused.

The accused pleaded not guilty to Specification 6 of the Charge which alleged that he, in conjunction with Staff Sergeant Linda C. Corrigan, wrongfully transferred marijuana at McChord Air Force Base, Washington, on 13 October 1979.

The accused stipulated that on 13 October 1979, he and his wife, Staff Sergeant Linda C. Corrigan, in accordance with previous arrangements with another Air Force couple to share approximately a pound of marijuana, met at the other couple's quarters on McChord Air Force Base, Washington. All four were military members of the United States Air Force. The accused and the other husband drove to an off-base location where the accused, using the money of both, obtained 335 grams of marijuana. They returned to the on-base quarters and the four of them "manicured" and bagged the marijuana. The bags were divided equally between the couples. Half were left for the residents and the rest were placed in a paper bag for the accused and

his wife. As the accused and his wife were leaving the quarters with the marijuana, they were confronted by Air Force Office of Special Investigations (OSA) agents and apprehended.

These same stipulated facts formed the bases for offenses of wrongful introduction, transfer and possession of marijuana occurring on 13 October 1979. The military judge held those offenses were multiplicious only as to sentencing and denied a motion to dismiss any of them prior to findings.

The stipulation properly informed the military judge of the facts and circumstances surrounding the offenses to which the accused had entered pleas of guilty. However, the prosecution and defense rested without presenting any additional evidence and relied upon the stipulation to supply proof of guilt of the contested specification. Other than having previously ascertained that the accused freely agreed to the stipulation of fact, the military judge made no further inquiry concerning its admission.[1]

■ In the case of *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977), the Court of Military Appeals examined paragraph 154*b* (1), now paragraph 54*f*(1), Manual for Courts-Martial, 1969 (Rev.) which precludes admission of a confessional stipulation whenever a plea of not guilty is entered. Notwithstanding the Manual provision, the Court ruled that, upon inquiry by the military judge showing that the accused knowingly, intelligently and voluntarily consented to its admission, such a stipulation could be accepted. The required inquiry is like the one required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). In addition, the military judge must inform the accused that the stipulation will not be accepted as evidence without his consent and that by stipulating to essential ele-

ments of the offense, the accused relieves the government of the burden of proving these elements beyond a reasonable doubt. *United States v. Aiello*, 7 M.J. 99 (C.M.A. 1979); *United States v. Krampf*, 9 M.J. 593 (A.F.C.M.R.1980).

■ We find that the stipulation constituted a plea of guilty in fact and the failure of the military judge to conduct the *Bertelson* inquiry was error.[2] We set aside that finding and, in the interest of justice, dismiss Specification 6. Our disposition renders it unnecessary to consider the defense's claim that the evidence does not support the finding of guilty. In view of the military judge's ruling that this specification was multiplicious with two others for sentencing purposes, reassessment is unnecessary.

The remaining findings of guilty and the sentence are

AFFIRMED.

MILES and MAHONEY, Judges, concur.

---

1. A signal for caution to the military judge occurred when the prosecution rested its case without presenting additional evidence. When the defense did likewise, the military judge should have again reviewed the stipulation to determine if it was the equivalent of a plea of guilty. The military judge, in deciding the accused's guilt had before him no evidence except the stipulation to determine if the accused's guilt were proven. These circumstances should have prompted the required inquiry.

2. The military judge's inquiry into the factual basis of the accused's pleas of guilty to the two related offenses satisfied part of the requirement. However, there was no showing that, by stipulating, the accused knowingly intended to relieve the government of its burden of proving the essential elements of the contested offense.