## UNITED STATES

v.

**Senior Airman Peter J. TAYLOR, FR 261–33–0135 United States Air Force.**

**ACM 23873.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Nov. 1982.

Decided 23 Aug. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

Following mixed pleas, the accused was convicted in a bench trial of multiple drug offenses in violation of Articles 80 and 134, UCMJ, 10 U.S.C. §§ 880, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for one year, forfeiture

of all pay and allowances, and reduction to airman basic.

## I

The principal assigned error involves the accused's conviction of attempting to wrongfully transfer amphetamines (Specification 1 of Charge I). This is, as trial defense counsel observed in his opening statement, a "fairly simple case." The accused admitted that he sold 50 black capsules in a plastic sandwich bag to an undercover informant on 6 May 1982. The informant testified that when asked if this was "caffeine junk," the accused said it was "real speed, real good speed."[1] The accused orally admitted to law enforcement officials that he sold the informant 50 "hits" of amphetamines. Laboratory analysis indicated that the capsules contained caffeine and ephedrine, neither of which is a controlled substance.

The accused testified that he knew the capsules contained only caffeine and he told the informant that. He called the capsules "Black Beauties" or "black speed," but that was based on their color. He did not tell anyone he thought the capsules contained amphetamines.

■ Weighing all the evidence and giving proper consideration to those who saw and heard the witnesses, we find the evidence established beyond a reasonable doubt that the accused attempted to wrongfully transfer amphetamines. Article 66(c), Code, 10 U.S.C. § 866(c), supra.

## II

On a collateral issue the parties at trial stipulated the circumstances surrounding the offenses to which the accused pleaded guilty. This stipulation acknowledged that "the accused transferred 50 black capsules . . ." to an informant on 6 May 1982. Additionally, the stipulation stated that "The accused was not authorized to transfer . . . amphetamines . . . and as an active duty

1. "Speed" is a slang term for amphetamine. The Random House College Dictionary 1263

member of the United States Air Force, had a duty to obey the provisions of AFR 30–2, dated 22 June 1981."

Appellate counsel maintain that the language quoted above "was a confessional stipulation" to the offense of attempting to wrongfully transfer amphetamines and is therefore inadmissible in the absence of a Bertelson inquiry. M.C.M. (Rev. ed. 1969) paragraph 154b(1); United States v. Bertelson, 3 M.J. 314 (C.M.A.1977).

■ The informant testified that the accused transferred 50 black capsules to him which the accused admitted that this was so. Trial defense counsel, in his opening statement, made it clear that a transfer took place—the only dispute was what the capsules contained. The accused maintained it was only caffeine, which the informant knew, and the Government sought to establish that the accused represented that they were amphetamines. The accused did not stipulate that he thought the capsules contained amphetamines. The Bertelson rule applies only if the stipulation of fact constitutes a de facto plea of guilty because the accused has stipulated to every criminal element charged. The accused was charged with attempting to wrongfully transfer amphetamines. He stipulated he transferred 50 black capsules and testified in the same fashion. What he thought the capsules contained was vigorously contested at trial. Accordingly, we find that the challenged stipulation did not practically amount to a confession and therefore the Bertelson rule was not brought into operation. United States v. Long, 3 M.J. 400 (C.M.A.1977); but see United States v. Krampf, 9 M.J. 593 (A.F.C.M.R.1980).

## III

■ The accused also argues tangentially that the specification alleging an attempt to wrongfully transfer amphetamines does not state an offense. We conclude otherwise. United States v. Davis, 13 M.J. 593 (A.F.C.

(1st ed. 1980).

**884**

M.R.1982); *see generally United States v. Foster,* 14 M.J. 246 (C.M.A.1982).

## IV

 Finally, appellate counsel contend that the Air Force violated its own regulation by proceeding to trial on allegations of drug abuse after the State of Montana had assumed jurisdiction and entered into an "Agreement for Deferred Prosecution" with the accused.[2] The Air Force position on dual prosecution is contained in Air Force Manual 111–1 (2 July 1973), Military Justice Guide, paragraph 2–5, which states:

2–5. Air Force Prosecution After Trial in State Court:

a. Trial in a State court is not a legal bar to a later prosecution in a Federal court based on the same act or omission. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). However, such dual prosecutions rarely serve the ends of discipline or justice. It is the general policy of the Air Force that military punitive measures will not be instituted when State civil authorities have brought the alleged offender to trial for substantially the same offense, whether conviction or acquittal has resulted.

b. Accordingly, no member of the Air Force will be brought to trial by court-martial, or punished under Article 15, for substantially the same act or omission for which he has been tried in a State court. The law of the State will be followed in determining whether or not jeopardy attached at any point in the proceeding.

c. Exceptions to this policy may be authorized only by the Department of the Air Force. Exceptions will be granted only in the most unusual cases, when the ends of justice and discipline can be met in no other way. Requests for exceptions must be sent, before trial and with full justification, to HQ USAF/JAJ, 1900 Half St., S.W., Washington, D.C., 20324.

We initially note that the Air Force had jurisdiction over the challenged offenses and to which the accused pled guilty. (Specification 3 and 4, Charge II). *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980); *see Murray v. Haldeman,* 16 M.J. 74 (C.M.A. 1983). While the accused was arrested by Montana authorities for drug abuse, he was never tried and jeopardy did not attach at any point in the pretrial proceedings. Accordingly, the Air Force was not barred from prosecuting the accused for the same offenses that were the basis for the "deferred prosecution." Further, assuming, *arguendo,* that it was error to proceed with trial by court-martial after Montana had taken jurisdiction, the accused's guilty plea waived enforcement of the error which was neither jurisdictional nor a deprivation of due process. *See Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *United States v. Sloan,* 47 C.M.R. 436 (A.C.M.R.1973); *United States v. Griffin,* 1 M.J. 884 (A.F.C.M.R.1976); *United States v. Henry,* 50 C.M.R. 685 (A.F.C.M.R. 1975); *see also United States v. Reynaud,* 16 M.J. 744 (A.F.C.M.R.1983). The finding of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, concurs.

MILLER, Judge, absent.

---

**2.** "Deferred prosecution" is fundamentally a new sentencing alternative of preconviction probation, to be added to the traditional choices of imprisonment, fine, and post-conviction probation. *See generally State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wash.2d 772, 621 P.2d 115 (1979). In the case *sub judice* the accused was arrested on 15 May 1982 for the possession and sale of a dangerous drug, i.e., marijuana, in violation of Montana law. On 24 May the State of Montana agreed to defer prosecution of the accused for one year. If the accused refrains from unlawful conduct during this period the complaint would then be dismissed, and the agreement destroyed.