UNITED STATES,
Appellee,

v.

Airman First Class Theodore
J. BRAHM, U.S. Air Force,
Appellant.
No. 45,084.
ACM S25656.

U.S. Court of Military Appeals.

Nov. 21, 1983.

For Appellant: *Colonel George R. Stevens* and *Major William H. Lamb* (on brief).

For Appellee: *Colonel Kenneth R. Rengert* and *Major Michael J. Hoover* (on brief).

Opinion of the Court

PER CURIAM:

This special court-martial * is the subject of a grant of review in order to determine whether, under the facts presented in the record, the stipulation herein amounted to an acknowledgment of guilt under the doctrine of *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977), and whether appellant was thereby prejudiced. 15 M.J. 306 (1983). We conclude that this case does not fall within the *Bertelson* rule.

In *United States v. Bertelson, supra* at 315, the stipulated confession "admitted every essential fact and amounted to a confession of guilt," in contravention of paragraph 154*b*(1) of the Manual for Courts-Martial, United States, 1969 (Revised edition). We obligated the military judge, in that circumstance, to make a further inquiry to determine that a factual basis existed for the stipulation "to assure that the Government was not circumventing either the letter or the spirit of Article 45(a), UCMJ, 10 U.S.C. § 845(a)." *Id.* at 316. In a subsequent case, *United States v. Long,* 3 M.J. 400, 401 (C.M.A.1977), we held that a "repugned stipulation did not practically amount to a confession" because it "neither admitted the fact of the appellant's possession nor the wrongfulness thereof"; in other words, it did not amount to " 'a *de facto* plea of guilty' because the accused" did not stipulate "to *every* criminal element" of the charge. *Id.*

The same ruling obtains in the instant case, although it is not factually on all fours with *United States v. Long, supra.* Here appellant stipulated that he had previously stated to an investigator that he was the owner of certain paraphernalia without admitting that he had knowing, conscious, or

---

* Appellant was tried by a special court-martial. Contrary to his pleas, he was found guilty of possession of cocaine and violation of a regulation by possessing drug paraphernalia, in violation of Articles 134 and 92 of the Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892, respectively. He pleaded guilty to possession and use of marihuana, in violation of Article

134. The sentence included a bad-conduct discharge, as well as confinement and forfeiture of $360.00 pay per month for 3 months, and reduction to E-1. The convening and supervisory authorities approved the sentence as adjudged. The Court of Military Review affirmed.

exclusive possession thereof. In fact this issue was contested during the trial.

The stipulation of the admission to the investigative officer that the paraphernalia was previously employed to use cocaine was limited in use by the military judge to the issue of whether appellant knew these objects were drug paraphernalia. There was no stipulation of wrongfulness; indeed appellant introduced evidence that the mirror contained no cocaine residue. Under these facts, *United States v. Bertelson, supra,* does not apply and the decision of the United States Air Force Court of Military Review is affirmed.