**UNITED STATES, Appellee,**

v.

**Specialist Four Mark T. COZINE, 253–15–9270, United States Army, Appellant.**

**No. CM 446943.**

U.S. Army Court of Military Review.

31 Oct. 1985.

---

4. *See* Saltzburg, Schinasi, Schlueter, *Military Rules of Evidence,* Rule 103 (Supp.1985).

Lieutenant Colonel William P. Heaston, JAGC, Captain Eric Franzen, JAGC, Captain Craig E. Teller, JAGC (on brief), for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Stephen B. Pence, JAGC (on brief), for appellee.

Before YAWN, WILLIAMS, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Appellant was convicted by a military judge sitting as a general court-martial of two offenses involving wrongful possession of marijuana in the hashish form, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority approved the sentence.

Appellant asserts error on the part of the military judge in admitting a confessional stipulation which afforded the basis for his conviction of one of the offenses.

The stipulation in question read, in pertinent part, as follows:

It is hereby stipulated by and between the Government and the Defense with the express consent of the accused that the following facts are true:

On 20 July 1984 Special Agent Donald Pettit of the Bamberg CID conducted a

search of the accused's night stand in the accused's room, Room 316 in the HHC 1–52 IN billets. The search had been authorized by the accused's commander LTC Lamar C. Crosby. SA Pettit opened the top drawer of the night stand and found some marihuana in the hashish form wrapped inside an envelope addressed to the accused. The hashish was seized by CID and sent to the Frankfurt CID lab. It was examined and determined to weigh 0.09 grams and to be marihuana in the hashish form, a Schedule I Controlled Substance. The possession by the accused was wrongful. Prosecution Exhibit 5 is the hashish seized on 20 July 1984.

The military judge, recognizing that the stipulation of fact was a confessional stipulation,[1] conducted the inquiry mandated by *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977). During the course of this inquiry, the following colloquy occurred:

MJ: Do you have any questions at all about the four elements of the offense that's alleged under Specification 2 then?

ACC: No questions, Your Honor.

MJ: And you agree and admit that taken together those four elements accurately describe what you did?

ACC: In this ----

MJ: Yes ----

ACC: This, Your Honor. Well, I wasn't aware of this, and that's why I plead not guilty. I wasn't aware of possessing this. I mean, is that what you are asking me?

MJ: No.

ACC: Yes, Your Honor. I agree that that is true.

MJ: Okay. And tell me in your own words then why you agree to those facts.

ACC: Well, I've been presented with the evidence, Your Honor.

MJ: Okay. Now do counsel for either side feel any additional questions are either necessary or appropriate based upon the accused's plea to this Specification?

The military judge did not question appellant with respect to the inconsistency between the stipulation of fact, which asserted "the possession by the accused was wrongful," and appellant's oral statement that he "wasn't aware of possessing this." The judge made no mention of the inconsistency, nor did counsel. The defense presented no evidence on the merits.

Appellant argues the inconsistency between the stipulation of fact's statement that his possession of the hashish was "wrongful" and his oral assertion to the military judge that he "wasn't aware of possessing" this hashish requires an appellate determination that the stipulation of fact was inadmissible, or, alternatively, a redaction (deletion) of the inconsistent statement from the stipulation. Under either remedy, appellant argues his conviction of wrongful possession cannot be affirmed, based upon a lack of evidence establishing a "knowing or wrongful possession." The government, although conceding "that the military judge should have clarified the meaning of appellant's assertion that he was unaware of possessing" the hashish, urges the redaction remedy and a finding that the remaining evidence is sufficient, beyond a reasonable doubt, to sustain the conviction. We adopt the government's position.

---

1. As stated by the Court in *United States v. Bertelson*, 3 M.J. 314, 315 n. 2 (C.M.A.1977): [A] "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, *i.e.*, it is the equivalent of entering a guilty plea to the charge. *Accord United States v. Aiello*, 7 M.J. 99, 100 n. 1 (C.M.A.1979). Here, the defense counsel advised the military judge that appellant was pleading not guilty, but entering into a confessional stipulation, in order to preserve appellate review of the judge's denial of a suppression motion. Such tactics have been sanctioned by the Court of Military Appeals. *United States v. Schaffer*, 12 M.J. 425, 428 n. 6 (C.M.A.1982). Appellant's pretrial agreement was conditioned upon his plea of guilty to another offense. At trial, all parties recognized that the sentence limitation set forth in the pretrial agreement was operative regardless of the judge's findings on the alleged offenses to which appellant entered not guilty pleas.

■ As a confessional stipulation "is the equivalent of entering a guilty plea," *United States v. Bertelson,* 3 M.J. at 315 n. 2, the Court of Military Appeals in *Bertelson* established certain procedures for the admission of such stipulations. These procedures mirror, to a great extent, those which must be met before a guilty plea is accepted. Thus, before admitting a confessional stipulation into evidence, the military judge must be satisfied that an accused has "knowingly, intelligently and voluntarily consented to its admission." *United States v. Bertelson,* 3 M.J. at 315. To establish such knowing, intelligent and voluntary consent, the military judge must, *inter alia,* conduct inquiries similar to those mandated for guilty pleas, *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969), and pretrial agreements, *United States v. Green,* 1 M.J. 453 (C.M.A.1976), respectively. *United States v. Bertelson,* 3 M.J. at 316–17. The *Care* inquiry, which assures "the continued vitality of Article 45(a) [UCMJ]," [2] *United States v. Bertelson,* 3 M.J. at 317, can result in rejection of a guilty plea and the substitution of a not guilty plea therefor. *See United States v. Lee,* 16 M.J. 278 (C.M.A.1983). The *Green* inquiry can result in redaction of provisions from a pretrial agreement.[3] Although appellant would have us declare the entire stipulation of fact inadmissible when an inconsistency such as arose in this case occurs, we believe the better approach is to delete from the stipulation of fact the offending sentence or sentences.[4] *Cf. United States v. Green, supra.* Accordingly, the following sentence is deleted from the stipulation of fact, Prosecution Exhibit 4: "The possession by the accused was wrongful."

■ In view of the deletion of the offending sentence from the stipulation of fact, we are now required to determine whether appellant's conviction of wrongful possession of .09 grams of marijuana in the hashish form can be affirmed based upon the remaining evidence of record. The evidence establishes that the hashish was found wrapped in an envelope addressed to appellant, and the envelope itself was discovered in appellant's night stand in his barracks room. Knowledge of the presence of a controlled substance may be constructive and inferred from circumstantial evidence. *See United States v. Wilson,* 7 M.J. 290, 293 (C.M.A.1979). Absent evidence to the contrary, possession of a controlled substance may be inferred to be wrongful. Paragraph 37c (5), Part IV, Manual for Courts-Martial, United States, 1984; *cf. United States v. Reagan,* 7 M.J. 490, 491 (C.M.A.1979) (both wrongfulness and service discreditation can be predicated upon possession). Based upon the remaining competent evidence of record, we are convinced beyond a reasonable doubt of appellant's guilt.

The other assignments of error, including the issue personally specified by appellant, have been considered and are without merit.

2. Article 45(a), UCMJ, provides:

   If an accused after arraignment makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

3. "Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties." *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976), quoting from *United States v. Elmore,* 1 M.J. 262, 264 (C.M.A.1976) (Fletcher, C.J., concurring).

4. Although such deletion in the instant case might render the stipulation "nonconfessional," *see United States v. Dulus,* 16 M.J. 324 (C.M.A. 1983) and cases cited therein, thus obviating the necessity for a *Bertelson* inquiry, we decline to so characterize the stipulation in question inasmuch as all parties and the judge treated it as "confessional" at trial. Moreover, whether such deletion renders the stipulation "nonconfessional" and a *Bertelson* inquiry unnecessary is moot, as we are still required to determine whether appellant's conviction can be affirmed in view of the remaining evidence.

The findings of guilty and the sentence are affirmed.

Senior Judge YAWN and Judge WILLIAMS concur.