**UNITED STATES, Appellee,**

v.

**Private First Class Robert L. GLADDIS, SSN 375–58–1623, United States Army, Appellant.**

**SPCM 14924.**

U. S. Army Court of Military Review.

17 Feb. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain James A. McAtamney, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for appellee.

Before JONES, GARN and HANFT Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

GARN, Judge:

The Court of Military Appeals remanded this case to this Court for consideration of an issue raised by the appellant, for the first time, before that Court. The issue, as framed by the appellant, and now assigned as "error" before this Court, is:

WHETHER THE COURT–MARTIAL LACKED JURISDICTION OVER CHARGE II AND ITS SPECIFICATIONS (WRONGFUL POSSESSION AND USE OF HEROIN) BECAUSE THE APPELLANT HAD RECEIVED REGULATORY EXEMPTION FROM PROSECUTION.

The appellant argues that the court-martial lacked jurisdiction to try him for the use and possession offenses because, under the provisions of Section V of AR 600–85, dated 1 May 1976,[1] he was exempt from prosecution.

AR 600–85 is a comprehensive regulation setting forth policies and procedures for controlling and preventing alcohol and drug abuse. In order to encourage the rehabilitation of abusers, the regulation provides that in certain circumstances military members will be exempt from prosecution under the Uniform Code of Military Justice for use and possession of drugs.[2] Among those who are exempt from prosecution for prior drug use and drug possession incidental to personal use is a member who is identified as a drug abuser as a result of receiving emergency medical treatment for a drug overdose. Paragraph 3–17a and Table 3–1, AR 600–85. There are exceptions to the exemption, however. The exemption does not apply

if, at the effective time of exemption, the member—

(1) Is the subject of an alcohol or drug abuse investigation concerning that offense.

(2) Has been apprehended for the offense.

(3) Has been officially warned that he or she is suspected of the offense.

(4) Has been charged under the UCMJ with the offense, or has been offered Article 15 punishment for the offense.

(5) Receives emergency medical treatment for an actual or suspected alcohol or other drug overdose and such treatment resulted from apprehension by law enforcement officials, civilian or military. Paragraph 3–17b, AR 600–85.

There is evidence in the record to show that the appellant's use and possession of heroin (in an amount incidental to personal use), for which he was prosecuted and convicted, were detected during the course of his receiving emergency medical care for a

---

1. AR 600–85 was changed on 1 Dec. 1981, effective 1 Jan. 1982. The relevant provisions are in a different part of the regulation (Section II, Chapter 6), but are virtually identical to the 1 May 1976 version. The paragraphs and Table cited in this opinion are in AR 600–85, dated 1 May 1976.

2. It appears that the Secretary of the Army has the authority to exempt members of the Army from prosecution under the Uniform Code of Military Justice. *Cf. United States v. Kirsch*, 15 U.S.C.M.A. 84, 35 C.M.R. 56 (1964).

drug overdose. Only one of the two military policemen who accompanied the appellant to the treatment facility testified.[3] He testified that when he and his military police partner first saw the appellant, the appellant was unconscious. He also testified that he did not suspect the appellant of any wrongdoing until after the appellant arrived at the treatment facility and was receiving emergency medical care. There is nothing in his testimony, nor other evidence in the record, to show that any exception to the exemption provisions of AR 600–85 is applicable in the appellant's case.[4] However, because the appellant did not raise the issue of his possible exemption at trial, we cannot be sure that the government could not have shown that he previously had been identified as a drug abuser,[5] or that an exception to the exemption provisions of AR 600–85 was applicable.

■ We recognize the general rules that a government agency is bound by its regulations and that courts will require adherence to those regulations when the underlying purpose of those regulations is to protect personal liberties or interests. *See,*

*e.g., United States v. Russo,* 1 M.J. 134 (C.M.A.1975) and *United States v. Walker,* 47 C.M.R. 288 (A.C.M.R.1973). Whether AR 600–85 is such a regulation, or whether it was followed, is not dispositive of the issue raised by the appellant for the first time on appeal, however.

■ We reject the appellant's argument that the court-martial lacked jurisdiction. The exemption provisions of AR 600–85 are like a grant of immunity; indeed the regulation defines exemption as "[a]n immunity from disciplinary action under the UCMJ ....[6] Immunity is not a jurisdictional matter that may be raised at any time; rather, it is a matter which, if not raised at trial, is waived. Paragraph 67*a, Manual for Courts-Martial,* United States, 1969 (Revised edition). *See United States v. Joseph,* 11 M.J. 333 (C.M.A.1981), and *United States v. Haynes,* 24 C.M.R. 881 (A.F.B.R.1957), *reversed on other grounds,* 9 U.S.C.M.A. 792, 27 C.M.R. 60 (1958); *see also United States v. Walker, supra.*[7]

Having concluded that judicial determination of the exemption issue was waived, we adhere to our previous decision affirming the findings of guilty and the sentence.

---

**3.** He testified regarding the merits and a Fourth Amendment issue that was raised at trial, and decided adversely to the appellant. See our original opinion in this case at A.C.M.R. 11 M.J. 845.

**4.** I do not agree with Senior Judge Jones that the "record shows the existence of two of the exceptions [(1) and (5)] which would preclude the application of the exemption." The appellant's losing consciousness in a public place and having breathing difficulties did not, in my opinion, provide probable cause that would have justified his apprehension. Furthermore, the military policeman who testified repeatedly insisted that he did not even suspect that the appellant had committed any crime until after the emergency treatment had begun and a spoon was discovered in the appellant's jacket. *Cf. United States v. Atkins,* 22 U.S.C.M.A. 244, 46 C.M.R. 244 (1973).

Because we have concluded that the exemption issue was waived, we need not decide whether the appellant was not entitled to exemption because he may have been identified as a drug abuser as a result of his previous possession of hypodermic syringes, *see* n.5, *infra,* rather than as a result of his receiving emergency medical treatment.

**5.** The appellant previously had been convicted of violating a regulation by possessing hypodermic syringes and needles.

**6.** Immunity, as used in the American criminal justice system, pertains to not prosecuting, or not using evidence, in return for an individual's providing evidence that the government could not otherwise obtain because of the Fifth Amendment. Immunity as used in AR 600–85 has a broader meaning and is not necessarily tied to the Fifth Amendment. Those differences in meaning do not provide a basis for treating the immunity provisions of AR 600–85 as a jurisdictional matter, however.

**7.** If the evidence in the appellant's case tended to show that the appellant sought medical treatment in reliance on the exemption provisions of AR 600–85, we might be inclined to carve an exception to the waiver rule and order a limited hearing to determine the possible applicability of the exemption provisions to his case. *Cf. United States v. Layne,* 21 C.M.R. 384 (A.B.R.1956). The evidence showing that he was taken to the medical facility because he was unconscious virtually obviates any possibility that the appellant acted in reliance on those provisions.

JONES, Senior Judge, concurring:

I agree with Judge Garn that the court-martial had jurisdiction over appellant and over the offenses and that appellant's inaction at the trial level waived any possible regulatory exemption. I also believe, however, that the record shows the existence of two of the exceptions which would preclude the application of the exemption.*

There is little doubt in my mind that when the two military policemen arrived on the scene and found the young soldier unconscious and breathing with difficulty, they concluded that the most likely cause of his medical problem was a drug overdose. They took charge of the situation, escorting appellant to the dispensary and insuring that he received the proper treatment; one even rode in the ambulance with appellant. Although their first concern undoubtedly was to save appellant's life, that does not mean that they abandoned their police functions. When they took control of appellant and escorted him to the medical facility, they effectively apprehended him, *United States v. Lotze,* 50 C.M.R. 234 (A.C. M.R.1975), and their continued presence was at least secondarily for investigative purposes. Therefore, I conclude that as an additional reason for not finding him exempt from prosecution, appellant was subject to the exceptions for apprehension and investigation for drug abuse.

HANFT, Judge, dissenting:

The majority views this case as one where failure to raise the issue of immunity at trial waives the matter on appeal. I do not see it that way. True it is that paragraph 67a, *Manual for Courts-Martial,* United States, 1969 (Revised edition) provides that failure to raise "promised immunity" at trial constitutes a waiver, but I do not think that we are dealing here with any such "promised immunity." Paragraph 3–17d, AR 600–85, provides, "Exemption is automatic. It is not granted, and it cannot be vacated or withdrawn." That, to me, smacks of lack of jurisdiction. I would remand this case to the trial court for a determination of the applicability of the exemption provisions of AR 600–85.

---

* Exceptions (1) and (5), from paragraph 3–17b, AR 600–85, as quoted in the lead opinion.