**UNITED STATES, Appellee,**

v.

**Specialist Six Timothy G. MIKA SSN 569–78–2121, United States Army, Appellant.**

**SPCM 19450.**

U.S. Army Court of Military Review.

30 Jan. 1984.

Colonel William G. Eckhardt, JAGC, Captain Rita R. Carroll, JAGC, and Captain Ann M. Kanamine, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas J. Leclair, JAGC, and Captain Charles S. Arberg, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

In accordance with his pleas, appellant was convicted of larceny and wrongful use of mepridine (trademarked Demerol) in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1976). Prior to entry of pleas, trial defense counsel moved to dismiss the

drug use offense because appellant was immune from prosecution under the provisions of Chapter 6 of Army Regulation 600–85, *Alcohol and Drug Abuse Prevention and Control Program,* (1 December 1981). Appellant contends on appeal that the military judge erred in denying the motion to dismiss. Appellant's use offense was detected when he received emergency medical care for a drug overdose, and thus was within the category of cases covered by the regulatory exemption policy. Appellant argues that the regulatory exemption deprived the court-martial of jurisdiction to try him for this drug offense. We do not agree.

Whether appellant was immune from prosecution is not a jurisdictional issue. *United States v. Gladdis,* 12 M.J. 1005, 1007 (A.C.M.R.1982). Additionally, a plea of guilty waives nonjurisdictional errors that occur in earlier stages of the proceedings. *United States v. Joseph,* 11 M.J. 333, 335 (C.M.A.1981); *United States v. Lopez,* 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970).* Assuming it was error to proceed to trial by court-martial on the drug use offense over appellant's objection, we hold that appellant's subsequent provident plea of guilty extinguished his right to raise on appeal the claim that the drug use offense should have been dismissed due to the Government's failure to comply with the provisions of Chapter 6 of Army Regulation 600–85.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge COHEN concur.

---

* *See United States v. Dusenberry,* 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975); *United States v. Hamil,* 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964); *United States v. Hach,* 615 F.2d 1203 (8th Cir. 1980), *cert. denied,* 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Fry v. United States,* 569 F.2d 303 (5th Cir.1978); *United States v. Taylor,* 16 M.J. 882 (A.F.C.M.R.1983); Manual for Courts-Martial, United States, 1969 (Revised edition), para. 67a.