## UNITED STATES

### v.

**Airman Basic Nathaniel B. WALKER, Jr., FR 188–42–1733, 3320th Retraining Squadron, Lowry Technical Training Center (ATC).**

### ACM 22044.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Feb. 1976.

Decided 3 Aug. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before ROBERTS, HERMAN and ORSER, JJ.

### DECISION

PER CURIAM:

Tried by a general court-martial which included members, the accused was found guilty, contrary to his pleas, of two unauthorized absences and one specification alleging escape from custody, in violation of Articles 86 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances.

In one of two assignments of error, appellate defense counsel assert:

THE MILITARY JUDGE ERRONEOUSLY PREVENTED THE COURT MEMBERS FROM CONSIDERING AND MAKING FACTUAL FINDINGS ON AN ELEMENT OF EACH OF THE OFFENSES IN CHARGE I, THE PLACE OF DUTY FROM WHICH APPELLANT WAS ALLEGEDLY ABSENT.

The facts giving rise to this assertion of error may be briefly summarized. As the result of a previous court-martial sentence, the accused was assigned to the retraining program at Lowry Air Force Base, Colorado. He was apparently successfully rehabilitated, and given permanent change of station orders assigning him to Charleston Air Force Base, South Carolina. He never reported to Charleston Air Force Base, and was absent without leave for approximately one year when he was apprehended in Philadelphia, Pennsylvania, and delivered to military control at McGuire Air Force Base, New Jersey. A noncommissioned officer was sent from Lowry Air Force Base to McGuire Air Force Base for the purpose of taking the accused into custody and returning him to Lowry. Just before boarding a commercial airplane at Philadelphia

for the return trip, the accused escaped from the custody of his escort and was not returned again to military control for approximately three months. At the termination of the second absence, he was successfully returned to Lowry Air Force Base, where these charges were preferred and trial held.

In the first specification under the charge of absence without leave, the accused is alleged to have been absent from the 437th Organizational Maintenance Squadron, located at Charleston Air Force Base, South Carolina. The second specification alleges his absence as being from the "3320th Retraining Squadron, located at Lowry Air Force Base, Colorado." However, the prefatory language in each of the specifications describes the accused as being a member of the 3320th Retraining Squadron. Additionally, all of the documentary evidence in the form of AF Forms 2098, (Duty Status Change) were prepared by officials at Lowry Air Force Base, Colorado.

At the conclusion of the prosecution's case, the trial defense counsel made a motion in an Article 39(a) session, for a finding of not guilty as to the second specification of the charge, which alleged that the accused was absent from Lowry Air Force Base. He placed his principal reliance on *United States v. Pounds*, 23 U.S.C.M.A. 153, 48 C.M.R. 769 (1974), in which the Court of Military Appeals held that, under the circumstances of that case, a retrainee who had been restored to duty from Lowry Air Force Base and transferred to another base no longer had any duty to remain at or return to Lowry and was absent only from the base to which he was being transferred. Therefore, it was argued by trial defense counsel, the accused was improperly charged in the second specification as being absent from Lowry Air Force Base, and the evidence would not support such a charge.

■■■■ As correctly discerned by the military judge in denying the motion for a finding of not guilty, the case at hand is readily distinguishable from *Pounds*. In *Pounds* there was but a single specification of absence without leave, and indeed the

facts of that case showed no duty on the part of Pounds to return to Lowry Air Force Base having failed to report to his new assignment. The contrary facts are shown in this case. Here, a noncommissioned officer had been assigned to escort the accused back to Lowry Air Force Base, and he was therefore effectively notified to so return. Of greater significance, however, it is to be noted that the decision in the *Pounds* case was based in part on the Air Force strength and accounting procedures in effect at that time. Paragraph 2–3, Air Force Manual 35–15, 23 September 1970. Subsequent to *Pounds*, Air Force personnel procedures were changed by Air Force Regulation 35–73, dated 15 May 1975, which provides in part that when a member of the Air Force absents himself while in permanent change of station travel status and is returned to military control in the United States, "The member is returned to the losing unit unless member's return is by voluntarily reporting to the gaining unit." The military judge determined, therefore, that by the terms of the regulation itself, rather than because of orders, the accused remained assigned to the 3320th Retraining Squadron, as he had never reported to his new organization. We concur in his interpretation; it was clearly the intention of the drafters of the regulation to provide for the continued assignment to the losing organization until actual acquisition by the gaining organization, in order to avoid the kind of problems that had arisen in unauthorized absences during transfers under the former reporting procedures. See *United States v. Johnson*, 45 C.M.R. 604 (A.F.C.M.R.1972) and the reconsideration of the same case by this Court reported at 45 C.M.R. 607.

After the denial of the motion for a finding of not guilty, the court reopened, and the counsel began their arguments prior to findings. In his argument, the trial defense counsel began to assert that the evidence did not support the second absence without leave specification, based on the *Pounds* theory, and trial counsel objected. At that point the military judge instructed the

court that they should not consider the trial defense counsel's argument as he "[had] determined as a matter of law that the accused's organization at the inception of the second absence without leave was the organization alleged."

■ While the organization of an accused on trial for absence without leave must be established by the prosecution (*United States v. Bowman*, 21 U.S.C.M.A. 480, 44 C.M.R. 102 (1971)), it does not follow that in every case the accused's organization remains a purely factual matter to be determined only by the jury. To the contrary, where the facts presented by the prosecution are not disputed and a question remains as to the legal effect of those facts, the matter is for the military judge's determination. *United States v. Turner*, 40 C.M.R. 366 (A.C.M.R.1968), pet. denied, 39 C.M.R. 203.

■ As we read the record, trial defense counsel did not contest the evidence presented by the prosecution which established the accused's organization as of the date of the inception of the absence without leave. Neither did he present any conflicting evidence. Rather it was only the insinuation of his argument that even suggested the issue. In our view, the question then before the court was a question of law and the military judge properly instructed the court that the legal effect of the *undisputed* facts was that the accused was a member of the 3320th Retraining Squadron. Put another way, the fact that the accused was a member of the retraining squadron was not established, as such, by any orders issued to him, but rather by operation of the Air Force regulation involved, which is a matter more properly to be determined by the judge. Accordingly, the military judge did not err in taking the issue from the jury.

In a further assignment of error, appellate defense counsel urge that the trial counsel's reference to the concept of general deterrence in his argument on sentence prejudiced the accused. We have carefully reviewed the argument and do not find it, on the whole, improper. The tenor of the argument does *not* urge a more severe sen-

tence than would otherwise be appropriate in order to deter others from similar offenses. *United States v. Davic*, No. S24354, 1 M.J. 865 (A.F.C.M.R. 18 May 1976). For the reasons stated, the findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.