UNITED STATES, Appellee,

v.

Wayne P. REAGAN, Sergeant, United States Army, Appellant.

No. 35,662.

CM 435773.

U. S. Court of Military Appeals.

Oct. 29, 1979.

For Appellant: Captain Michael B. Dinning (argued); Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Demmon F. Canner (on brief); Colonel Robert B. Clarke, Major Carlos A. Vallecillo.

For Appellee: Captain James W. Hewitt, Jr. (argued); Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Stephen D. Smith (on brief); Captain Lee D. Schinasi.

FLETCHER, Chief Judge:

This case [1] presents three issues for our determination: first, a determination of the

1. At a general court-martial before a military judge alone, the appellant was convicted of possession of amphetamines and marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. His sentence, as approved by the

neutrality and detachment of the officer acting as a magistrate for the purpose of authorizing a search; next, whether he was empowered to authorize a search of appellant's car and apartment located in a civilian community; and finally, whether the judge in this case committed reversible error in his acceptance of a stipulation amounting to a confession to the marihuana specifications. Despite appellant's urging, we find it unnecessary to answer the first granted issue. The second and third, however, require exclusion of the evidence seized and the accepted stipulation.

The Deputy Community Commander of the Hanau Military Community, Federal Republic of Germany, authorized an off-post search of appellant's apartment and van, allegedly pursuant to an international agreement between the United States and the Federal Republic of Germany.

■■■ However, the treaty,[2] standing alone, cannot be read as authority to support the search performed in this case. But it has been urged that authority to search in this instance stems not only from the treaty but is buttressed by the following provisions: paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition); paragraph 2–1, AR 190–22 (June 12, 1970); paragraph 2–1c, USAREUR Supplement 1 to AR 190–22. With this proposition we cannot agree. It is basic to the law, requiring neither cited authority nor extensive comment, that one of the parties to an international treaty[3] cannot enlarge the terms of the original treaty.

■■■ The obligation to show that this search is within the purview of the treaty is upon the Government, but such has not been established on the record. Therefore, as the evidence seized is found to be inadmissible, we do not answer the first granted issue.

■■■ Regarding the stipulation admitted into evidence, we evaluate it as confessional in nature, and thus it should have been excluded under the rule announced in *United States v. Bertelson*, 3 M.J. 314 (C.M.A. 1977). The stipulation allowed in *United States v. Long*, 3 M.J. 400 (C.M.A.1977), may be distinguished from the instant case in that it did not establish the essential precedent, possession, upon which could be predicated both wrongfulness and service discreditation. Here, there was no such vigorously litigated issue of possession, even though the stipulation concedes the property's discovery in appellant's vehicle and apartment sufficient to make a *prima facie* showing that the contraband had been in the appellant's knowing, conscious, and exclusive possession at the moment of its seizure.

For the foregoing reasons the decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

convening authority and affirmed by the United States Army Court of Military Review, included a dishonorable discharge, confinement at hard labor for 16 months, total forfeitures and reduction to the lowest pay grade.

2.    The military police of a force shall have the right to patrol on public roads, on public transport, in restaurants (Gaststatten) and in all other places to which the public has access and to take such measures with respect to the members of a force, of a civilian component or dependents as are necessary to maintain order and discipline. Insofar as it is necessary or expedient the details of the exercise of the right shall be agreed upon between the German authorities and the authorities of the force, who shall maintain close mutual liaison.

Article 28 of the Supplementary Agreement to the North Atlantic Treaty Organization Status of Forces Agreement with Respect to Forces Stationed in the Federal Republic of Germany (1 U.S.T. 531, 559–60).

3.    North Atlantic Treaty Organization Status of Forces Agreement with respect to forces stationed in the Federal Republic of Germany and Supplemental agreements thereto.

PERRY,* Judge (concurring in the result):

I concur in the result because I am satisfied that the stipulation which was admitted in evidence was confessional in nature and the requirements of *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977), were not met. A rehearing may be ordered.

COOK, Judge (dissenting):

I would affirm the decision of the Court of Military Review.

As to the qualification of the officer who issued the authorization to search, Colonel Riscassi testified he was the Deputy Community Commander of the Hanau Military Community, Federal Republic of Germany. He based his action on information conveyed to him by a military investigator. At trial, defense counsel asserted that the information related to Colonel Riscassi failed to establish probable cause.[1] However, on appeal the appellant changed the challenge to the validity of the search to two other grounds. That predicated upon Colonel Riscassi's qualification to act as a neutral and detached magistrate was recently decided against him in *United States v. Ezell*, 6 M.J. 307 (C.M.A.1979). Further, the record does not indicate that the Colonel was otherwise disqualified by bias or involvement in the investigative or prosecutorial process. I conclude, therefore, that this allegation of error has no merit.

Accused's second challenge to Colonel Riscassi's authority is that he acted outside the scope of the international agreement between the United States and the Federal Republic of Germany.[2] *See United States v. Schnell*, 1 M.J. 94, 97 n. 13 (C.M.A.1975); *United States v. Mitchell*, 21 U.S.C.M.A. 340, 45 C.M.R. 114 (1972); *United States v. Carter*, 16 U.S.C.M.A. 277, 36 C.M.R. 433

(1966). In support, the accused cites Article 28 of the Supplementary Agreement to the North Atlantic Treaty Organization Status of Forces Agreement with Respect to Forces Stationed in the Federal Republic of Germany (1 U.S.T. 531, 559–560), which provides:

The military police of a force shall have the right to patrol on public roads, on public transport, in restaurants (Gaststatten) and in all other places to which the public has access and to take such measures with respect to the members of a force, of a civilian component or dependents as are necessary to maintain order and discipline. Insofar as it is necessary or expedient the details of the exercise of the right shall be agreed upon between the German authorities and the authorities of the force, who shall maintain close mutual liaison.

Also pertinent are paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition), and AR 190–22 (June 12, 1970). Paragraph 152 of the Manual empowers a commanding officer to authorize a search of property which is located in a foreign country. This provision is supplemented by paragraph 2–1 of AR 190–22, which provides:

When the person or property is located in a foreign country, the commander will authorize a search only when such action is authorized by an international agreement or arrangement with the authorities of the foreign country.

The cited provision of the Supplement to the NATO SOFA is very general and it does not specify the areas subject to a military authorized search. Article VII, paragraph 6(a), NATO SOFA, provides that the parties will "assist each other . . . in the collection and production of evidence."

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1. As this issue was not granted by the Court, the evidence submitted to Colonel Riscassi is not set forth.

2. This aspect of the defense argument is limited to the search of accused's apartment. Accused does not assert it as a basis for excluding the evidence derived from the search of his van.

2 U.S.T. 1792, 1800. USAREUR Supplement 1 to AR 190–22, paragraph 2–1c, further provides:

The following officers may authorize searches, to include seizure of property resulting from such searches, of individual and family-type billets and quarters (as distinguished from unit or organization billets and quarters) that are documented for the exclusive use of the US Forces or otherwise occupied by the US Forces as a result of an agreement with the receiving state concerned:

. . . . .

(2) The community leader, or assistant community leader (USAREUR Reg. 10–20), of the area in which the property is located.[3]

My reading of the cited matter convinces me that the Deputy Community Commander could properly authorize a search of appellant's apartment, if it was either "documented" or occupied as a result of an agreement with the Federal Republic of Germany. The status of accused's apartment does not appear in the record. Aside from the normal consequence of the failure to raise the matter at the trial level, appellant even now does not assert that his off-base apartment was not within the scope of the service regulation. Therefore, I conclude that the exhibits were properly admitted into evidence.

Turning to the stipulation of fact, I note that appellant was advised of his right not to consent to its admission into evidence. This stipulation established that appellant was the owner of a 1975 Dodge van and rented a specified apartment on the day in question; that a search of these areas produced various prosecution exhibits, and that such exhibits were forwarded to a laboratory where an examination revealed quantities of amphetamines and marijuana. Appellant now submits that the stipulation was in effect a confession to the offense laid under Article 134.[4] In *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977), the Court imposed an obligation upon the trial judge to make an inquiry prior to accepting a stipulation which is "confessional" in nature.[5] The Court defined a "confessional stipulation" as follows:

[A] "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, i. e., it is the equivalent of entering a guilty plea to the charge.

*Id.* at 315 n.2. Subsequently, in *United States v. Long*, 3 M.J. 400 (C.M.A.1977), the Court held that a stipulation that contraband was found in property owned by the accused was not "confessional" in nature because it neither admitted the accused's possession of the contraband nor the wrongfulness thereof. Here, the appellant merely stipulated that contraband was found in property either owned or rented by him. Furthermore, the stipulation did not admit that the searches were legal; and that matter was, in fact, contested at trial. Accordingly, I conclude that *Long* is controlling, and the stipulation was properly admitted into evidence without the *Bertelson* inquiry.

---

3. While the quoted portion of Supplement 1 refers to an "assistant community leader," it in turn refers to USAREUR Reg. 10–20. That regulation does not use the term "Assistant Community Leader." Rather it uses the term "Deputy Community Commander." USAREUR Reg. 10–20, para. 4 (June 25, 1975). I have concluded that the supplement, by referring to USAREUR Reg. 10–20, meant to incorporate the command designation set forth therein.

4. Appellant concedes the stipulation was not "confessional" as to the offense alleged under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, as the Government was still required to prove the appellant's conduct was contrary to the regulation in question. *See United States v. Williams*, 3 M.J. 155 (C.M.A. 1977).

5. I filed a dissent in the case. *United States v. Bertelson*, 3 M.J. 314, 317 (C.M.A.1977).