UNITED STATES

v.

Daniel MENA, 559 19 2923,
Hospitalman Apprentice
(E–2), U.S. Navy.

NMCM 90 2466.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 5 Feb. 1990.

Decided 8 March 1991.

LT. Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LT. John J. Mulrooney, II, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and FREYER and HOLDER, JJ.

MITCHELL, Senior Judge:

Appellant was convicted at a contested bench special court-martial of one count of cocaine use. The case is before this court in the normal course of review. At issue is whether the military judge conducted an adequate inquiry regarding a stipulation of fact used at trial. We hold that the stipulation was confessional and that its proffer should have triggered a more detailed inquiry by the military judge. Rule for Courts–Martial (R.C.M.) 811(c); *United States v. Bertelson*, 3 M.J. 314 (C.M.A. 1977).

■ In a pretrial agreement, appellant bargained for a sentence limitation in return for a stipulation of fact. In summary, the stipulation of fact admitted urine collection, forwarding of the sample to the Navy drug laboratory, analysis and results being positive for cocaine. It set forth no identifiable facts from which a defense could be built. The only essential facts necessary for conviction but not specifically set forth in the stipulation were that the ingestion was with knowledge of the presence of the substance and that the ingestion was wrongful. The alert military judge, recognizing the issue, asked counsel whether the stipulation was confessional. Both agreed it was not. Insofar as pertinent, the trial judge then handled the matter as an ordinary stipulation of fact. Following receipt of the stipulation, the prosecution rested.

When the prosecution rested, the defense counsel presented no evidence and immediately rested and turned to argument. During a fleeting eight line summation, de-

fense counsel merely urged the military judge not to draw the permissive inferences of knowledge and wrongfulness that flow from the fact of presence in the appellant's urine. *See United States v. Mance,* 26 M.J. 244, 254 (C.M.A.1988), *cert. denied,* 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988), *reaff'g United States v. Ford,* 23 M.J. 331 (C.M.A.1987); *United States v. Harper,* 22 M.J. 157 (C.M.A.1986); *United States v. Greenwood,* 6 U.S.C.M.A. 209, 19 C.M.R. 335 (1955). *See also* Manual for Courts–Martial, United States, 1984, Part IV, para. 37c(2) and (5). At no time during or after trial did appellant make an issue of the Constitutionality or legality of the inferences or raise any other issue. He only voiced the still and unadorned plea that the inferences, as a matter of fact, not be drawn by the trial judge. That argument rested on absolutely no supporting facts or criticism of the strength of the Government's evidence.

The discussion attending R.C.M. 811(b) states that in a contested case a stipulation of fact which practically amounts to a confession should not be accepted until the requirements of R.C.M. 811(c) have been met. This latter rule requires the consent of the parties. It also burdens the military judge to determine on the record that the accused understands the contents and effect of the stipulation, that a factual basis for it exists, that the accused consents to it after consulting with counsel, and what, if any, agreements underlie the stipulation and, if so, the terms thereof.

The R.C.M. 811(c) Discussion describes a confessional stipulation as one that is equivalent to a guilty plea in that it establishes, directly or by reasonable inference, every element of the crime charged, and the defense does not present evidence to contest any potential remaining issue on the merits. The rule is based upon *Bertelson* and the cases of *United States v. Schaffer,* 12 M.J. 425, 427 nn. 4, 6 (C.M.A. 1982); *United States v. Aiello,* 7 M.J. 99 (C.M.A.1979); and *United States v. Long,* 3 M.J. 400 (C.M.A.1977). Manual for Courts–Martial, United States, 1984, Appendix 21, Rule 811(c).

At issue in *Bertelson* was a stipulation that the accused sold three plastic baggies, each containing approximately 100 white methamphetamine tablets (a controlled substance), to an undercover agent for $70.00. The Court of Military Appeals concluded that the stipulation was confessional because it made out a *prima facie* case; guilt was rebuttable by affirmative defense but no such defense was in fact presented at trial; and thus, it admitted every essential fact and amounted to a confession. *Bertelson,* 3 M.J. at 315.

In discussing the concept of confessional stipulation, the Court also observed that the definition is not rigid but is a practical one entailing some flexibility.

[A] 'confessional stipulation' is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount 'practically' to a judicial confession when, for *all facts and purpose,* it constitutes a *de facto* plea of guilty, *i.e.,* it is the equivalent of entering a plea of guilty to the charge. *Bertelson,* 3 M.J. at 315 n. 2. [Emphasis supplied].

In the case at bar, the Government argues that the accused's stipulation is not confessional, avoiding the need for a *Bertelson* inquiry, because it left litigable two essential elements of guilt, knowledge and wrongfulness. The argument relies heavily on *United States v. Kepple,* 27 M.J. 773 (A.F.C.M.R.1988), *aff'd,* 30 M.J. 213 (C.M.A.1990) (summary disposition).

*Kepple* was a desertion case in which all essential facts necessary to find unauthorized absence and many factors bearing on intent to remain permanently away from the command were admitted in a stipulation of fact. Among those facts were his apprehension far distant from his command, his holding of a variety of civilian jobs, the absence of an I.D. card, his wife living in an area of apprehension, and his possession of several uniforms. The defense immediately rested and strongly argued that the court should not draw the inference of intent, relying on the facts contained in the stipulation to show that Kepple was merely immature, procrastinat-

ed about reporting back, and did not intend to remain permanently away from his command. *Kepple*, 27 M.J. at 774.

The Air Force Court of Military Review, in a detailed treatment of the *Bertelson* rule, set forth the correct reading of *Bertelson* as: *"Unless the stipulation itself admits every element and no further evidence is required from the Government for a finding of guilty, the stipulation is not 'confessional' and a Bertelson inquiry is not mandatory." Kepple*, 27 M.J. at 779. The court then held that the stipulation in *Kepple* did not amount to an uncontested guilty plea, was not confessional and did not trigger a *Bertelson* procedure. The Court of Military Appeals, in its summary disposition of the case, merely held that the lower court was correct in holding that the stipulation was not confessional. The disposition did observe, however, that notwithstanding the holding, the trial judge adequately informed Kepple that the stipulation could be used against him to determine the desertion charge. *Kepple*, 30 M.J. at 213. *See also United States v. Wilson*, 20 U.S.C.M.A. 71, 42 C.M.R. 263 (1970) (a stipulation to confinement status, escape from an outside work detail and apprehension by F.B.I. agents a month later did not compel an inference of intent to desert and did not amount to a confessional stipulation). The stipulations in these cases left essential fact issues of varying strengths to legitimate dispute by the parties. The stipulated facts provided a basis from which permissive inferences of desertion *could* be drawn. Logically and practically the drawing of those inferences was not, however, compelled by the stipulated facts.

The precise stipulation involved in the *Bertelson* drug distribution case is not stated in the reported opinion. However, *United States v. Aiello, supra*, concerns a stipulation almost identical to the one in this case, though unlike this case, Aiello challenged the legality of the search and seizure procedure and wanted to preserve the issue for appeal. *Aiello*, 7 M.J. at 100, 101. Citing *Bertelson*, the Court of Military Appeals implicitly held that the stipulation was confessional. Aiello's conviction rested on the same inferences of knowledge and wrongfulness flowing from the stipulated facts involved in the case at bar. *Aiello*, 7 M.J. at 100. The trial judge was, as a consequence, required to apply R.C.M. 811(c) and conduct a full inquiry before accepting the stipulation.

■ The elements of wrongfulness and knowledge in drug cases, however, are provable by permissive inference that can be drawn from the facts. *Mance, supra.* The proved facts in this case, of course, were those established by the stipulation. No other facts were proved. Congress cannot constitutionally establish mandatory inferences in criminal cases. *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *c.f., United States v. Strang-stalien*, 7 M.J. 225 (C.M.A.1979). To pass constitutional muster a permissive inference must have a basis in logic or experience that makes the inference more probable than not. *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

It follows that inferences will have varying strengths depending on the certainty of their respective bases and the strength of the logic and experience that drive them. For this reason there are a variety of inferences. *See United States v. Morton*, 15 M.J. 850 (A.F.C.M.R.1983). The inference involved in *Kepple* was a mere inference drawn from the state of the circumstantial evidence bearing on the accused's intent. Counsel for both parties could rightly argue the impact of the stipulated facts to assert contrary positions regarding Kepple's intent to permanently remain away from his unit. Thus, the stipulated facts and the inferences to be drawn did not compel guilt. The courts rightly held the stipulation was not confessional.

*Aiello* and the case at bar, however, differ from *Kepple*. No legally recognized permissive inference applied to the circumstantial evidence in *Kepple*, whereas the permissive inference of knowledge and wrongfulness flowing from presence in the urine of a controlled substance are firmly established in law. Although a trier of fact may be free not to draw such inferences, their legal recognition is an indication of their strength which sets them apart from other circumstantial evidence. *See, Mance;*

**940**

*Ford; Harper; United States v. West,* 15 U.S.C.M.A. 3, 34 C.M.R. 449 (1964); and *Greenwood.*

The stipulated facts based on a urinalysis, laboratory testing results and personal ingestion of an illicit drug by the appellant not only met the *Bertelson* criteria for confessional stipulations, but, being legally recognized permissive inferences, virtually compelled guilt. The inferences of wrongfulness and knowledge are based on meaningful and reliable scientific tests conducted under controlled conditions, the use of a drug with identifiable physical effects, and the strong likelihood that the person knows what is ingested and the character of the substance that is ingested. *See Mance.* These inferences are very powerful in cases such as this where the predicate facts are not disputed. Furthermore, as a matter of logic there is no powder for the defense guns. In the face of silent guns, conviction was certain. The plea to the judge was little more than a hopeless wail, scarcely to be heard in the din of battle.

When the stipulation was offered in this case, it was not clear to the military judge that the rules for confessional stipulations would apply. Had defense evidence or argument subsequently arisen to attack the quality of the Government's proof, there would have been no R.C.M. 811(c) problem. The trial judge could have either questioned defense counsel about the intended course of the defense case or, when the defense strategy became clear, revisited the admissibility of the stipulation. In any event, the appropriate inquiry was not conducted. The burden of conducting the inquiry, as in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), falls upon the military judge.

We set aside the findings of guilty and the sentence. We remand the case to the Judge Advocate General. A rehearing may be ordered.

Judge FREYER and Judge HOLDER concur.