## UNITED STATES

v.

**Airman Bryan D. BALLEW, FR562–61–9530, United States Air Force.**

**ACM 30078.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 May 1992.

Decided 27 Sept. 1993.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Lieutenant Colonel G. Michael Lennon, Major Mary C. Yastishock, and Captain Robert A. Parks.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, and Captain Carlos L. McDade.

Before JOHNSON, HEIMBURG, and YOUNG, Appellate Military Judges.

*OPINION OF THE COURT*

HEIMBURG, Judge:

Pursuant to a pretrial agreement, Airman Ballew pleaded guilty to absence without leave terminated by apprehension, possession of drug paraphernalia, and four specifications of drug abuse: use of marijuana, two uses of methamphetamine, and possession of methamphetamine.[1] Airman

Ballew pleaded not guilty to one specification of cocaine use, but, in accordance with the terms of the pretrial agreement, he entered into a stipulation of the expected testimony of Dr. M, an expert in forensic toxicology and analytic chemistry. In addition to the stipulated testimony of Dr. M, the prosecution presented a laboratory report showing that a sample of Airman Ballew's urine was tested and shown to contain 393 nanograms per milliliter of benzoylecgonine (BE), a metabolite of cocaine. The defense presented no evidence. Airman Ballew was found guilty of use of cocaine. He now asserts the military judge erred in accepting the stipulation of testimony without conducting a *Bertelson*[2] inquiry. We disagree and affirm.

The rule in *Bertelson* has its antecedents in the old evidentiary rule that a court "should not accept a stipulation which practically amounts to a confession" whén the accused has pleaded not guilty to that offense. MANUAL FOR COURTS–MARTIAL, 1951, paragraph 154b; MANUAL FOR COURTS–MARTIAL, U.S. AIR FORCES, 1949, paragraph 140b.[3] As an exception to the general rule, *Bertelson* permits acceptance of a confessional stipulation when the accused knowingly consents after being advised such a stipulation is ordinarily inadmissible and that agreement to the stipulation relieves the government of its burden of proof. *Bertelson* also requires the military judge to determine that a factual basis exists for the stipulation and, if a pretrial plea agreement exists, to conduct an appropriate inquiry concerning its terms. *Bertelson*, 3 M.J. at 316–17.

The former evidentiary rule which led to *Bertelson* barred only truly confessional stipulations. A stipulation not amounting to a confession because it admitted less than all the elements of the offense was approved by our predecessor board of review as early as 1951. *See United States v. Colbert*, 1 C.M.R. 811 (A.F.B.R.1951).

---

**1.** In violation of Articles 86, 92 and 112a, UCMJ, 10 U.S.C. §§ 886, 892, 912a.

**2.** ´ *United States v. Bertelson*, 3 M.J. 314 (C.M.A. 1977).

**3.** The successor to this former evidentiary rule is the non-binding Discussion which accompanies R.C.M. 811.

When a stipulation does not admit all the elements of the offense, there is no reason to apply the *Bertelson* rule, because the Article 45(a), UCMJ, 10 U.S.C. § 845(a), concerns which underlay *Bertelson* are not present. *See United States v. Watruba,* 35 M.J. 488, 490 n. 1 (C.M.A.1992); *United States v. Kepple,* 27 M.J. 773 (A.F.C.M.R. 1988).

With these principles in mind, we turn to the stipulation in this case. The stipulated testimony of Dr. M discussed chain of custody procedures and quality controls at the laboratory which tested Airman Ballew's urine. It commented on the significance of the laboratory findings, also contained in a laboratory report (Prosecution Exhibit 23). Dr. M indicated the test results showed ingestion of cocaine, and he ruled out "passive ingestion." Dr. M was unable to say when the drug was used, but, assuming "a normal recreational dose," he estimated a maximum of 3 to 5 days before the sample was given.

At trial, defense counsel argued Airman Ballew was not guilty, despite the laboratory test results: the mere presence of cocaine metabolite in Airman Ballew's urine did not prove he knowingly ingested cocaine, only that cocaine got into his system in some manner. The prosecutor, on the other hand, relied on the inference that use of an illicit drug may be inferred to be wrongful in the absence of evidence to the contrary. *United States v. Thompson,* 34 M.J. 287 (C.M.A.1992); *United States v. Mance,* 26 M.J. 244, 254 (C.M.A.1988).

Evaluating the stipulation against the *Bertelson* rule, we are first struck by the fact that it is a stipulation of testimony, not fact. A stipulation of testimony does not admit the truth of the testimony, and may be contradicted, attacked or explained, the same as any other testimony. R.C.M. 811(e). This difference has significance for the application of the *Bertelson* rule. A stipulation of testimony can hardly be called "confessional," because its weight

and credibility remain open to dispute. *United States v. Swigert,* 8 U.S.C.M.A. 468, 24 C.M.R. 278, 282 (1957); *Colbert,* 1 C.M.R. at 818.[4]

Our decision does not rest solely on the distinction between stipulations of fact and testimony. The stipulated testimony of Dr. M did not prove all the elements of the offense of use of cocaine. The second element, that the use was "wrongful," includes the requirement that a person ingesting a contraband drug know of its contraband nature. MCM, Part IV, paragraph 37c(5) (1984). Dr. M's stipulated testimony did not establish this element—nor could it. While an inference of wrongfulness may be drawn from Dr. M's testimony and the laboratory report, such an inference is not mandatory, and Airman Ballew's trial defense counsel argued strongly it should not be drawn in this case. We conclude the stipulation of Dr. M's testimony did not practically amount to a confession, and did not require a *Bertelson* inquiry. *United States v. Kepple,* 27 M.J. at 780; R.C.M. 811(c) Discussion.

We conclude the findings and the sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge JOHNSON and Judge YOUNG concur.

---

**4.** *But cf.* Judge Ferguson's dissent in *Swigert,* 24 C.M.R. at 282 and Judge Advocate Pisciotta's dissent in *Colbert* at 819. Both find no meaningful difference between stipulations of fact and testimony for the application of the evidentiary rule against receipt of confessional stipulations.